1
2
3
4
5              UNITED STATES DISTRICT COURT
6             EASTERN DISTRICT OF WASHINGTON

7   EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION,              NO:  CV-10-338-RMP
8
                        Plaintiff,       ORDER DENYING DEFENDANT'S
9                                        MOTION TO COMPEL
          v.
10
    WAL-MART STORES, INC.,
11
                        Defendant.
12

13        This matter comes before the Court on a motion to compel discovery, ECF

14   No. 23, by Defendant Wal-Mart Stores, Inc. ("Wal-Mart").  A telephonic motion

15   hearing was held on September 15, 2011.  Richard Menghello appeared on behalf

16   of Wal-Mart.  Teri Healy and John Stanley appeared on behalf of Plaintiff United

17   States Equal Employment Opportunity Commission ("EEOC").

18        This case concerns whether Wal-Mart accommodated the religious beliefs of

19   a Wal-Mart management employee, Richard Nichols, who asserts that he is a

20   devout Mormon who considers work to be forbidden on Sundays.  Plaintiff filed a

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 1

First Amended Complaint on June 28, 2011.  ECF No. 21.  The amended

complaint alleges employment practices in violation of the Civil Rights Act of

1964, §§703(a)(1), 42 U.S.C. §2000e-2(a)(1), and seeks a permanent injunction, an

order requiring Defendant to "institute and carry out policies, practices, and

program which provide equal employment opportunities for all employees, and

which eradicate the effects of past and present unlawful employment practices,"

and damages for "past and future nonpecuniary losses," including pain, suffering,

and loss of enjoyment of life.  ECF No. 21 at 5.

     The motion to compel presents three separate issues, which the Court

addresses in turn.

**Computation of Emotional Distress and Punitive Damages**

     Defendant argues that it is insufficient for Plaintiff to simply disclose that it

will seek the statutory maximum for noneconomic and punitive damages, which is

$300,000 for an employer of Wal-Mart's size.

     According to Fed. R. Civ. P. 26(a)(1)(A)(iii), a party must, without awaiting

a discovery request, provide to the other party:

> a computation of each category of damages claimed by the disclosing
> party--who must also make available for inspection and copying as
> under Rule 34 the documents or other evidentiary material, unless
> privileged or protected from disclosure, on which each computation is
> based, including materials bearing on the nature and extent of injuries
> suffered; . . .

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 2

1    The case emphasized by Defendant, *Sharma*, 2007 WL 436177 (W.D.Wash.

2    Dec. 13, 2007), does not cite any authority apart from Fed. R. Civ. P. 26 for its

3    decision to compel the plaintiff in that case to supplement or correct his

4    computation of emotional injuries and punitive damages. However, district courts

5    have frequently denied motions to compel computations of emotional distress and

6    punitive damages because they are "difficult to quantify" and are "typically

7    considered a fact issue for the jury."  *See Anderson v. United Parcel v. Parcel*

8    *United Service*, 2010 WL 4822564, *10, note (D. Kan. Nov. 22, 2010), compiling

9    the following cases: *Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n. 3 (5th

10    Cir.2000) ("Since compensatory damages for emotional distress are necessarily

11    vague and are generally considered a fact issue for the jury, they may not be

12    amenable to the kind of calculation disclosure contemplated by Rule

13    26(a)(1)(C)."); *Creswell v. HCAL Corp.*, No. 04cv388 BTM (RBB), 2007 WL

14    628036, at *2 (S.D.Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party

15    to provide a computation of such damages, emotional damages, because of their

16    vague and unspecific nature, are oftentimes not readily amenable to

17    computation."); *Gray v. Florida Dep't of Juvenile Justice*, No. 3:06-cv-990-J-

18    20MCR, 2007 WL 295514, at *2 (M.D.Fla. Jan.30, 2007) ("[C]ompensatory

19    damages for emotional distress may not be susceptible to computation and thus, it

20    is within the jurors' ability to determine a reasonable amount. As such, Plaintiff is

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 3

not required to provide Defendant with a calculation of her suggested

compensatory damages for emotional distress pursuant to Rule 26(a)(1)(C).")

(internal citation omitted); *see also Burrell v. Crown Centr. Petroleum, Inc.*, 177

F.R.D. 376, 386 (E.D.Tex.1997) (denying motion to compel requesting plaintiffs to

submit computation of compensatory damages attributable to mental anguish

where plaintiffs argued trier of fact must determine proper amount of damages for

mental anguish); *see also First v. Kia of El Cajon*, 2010 WL 3069215 (S.D. Cal.

2010); *E.E.O.C. v. General Motors Corp.*, 2009 WL 910812, *3, note 1 (S.D.Miss.

Apr. 1, 2009) (finding that a claim for punitive damages is an issue for the jury and

not amenable to a specific calculation under Rule 26 and, therefore, that the EEOC

is not barred from seeking such damages based on its failure to provide a specific

computation in its disclosures).

The Court denies the Defendant's motion to compel a computation of

Plaintiff's emotional distress and punitive damages on the basis that they are issues

for the factfinder.  However, if Plaintiff intends to suggest a specific amount to the

jury for emotional distress damages, yet fails to supplement its Rule 26 disclosures

to provide Defendant with a computation of damages, Plaintiff may be foreclosed

from suggesting that specific amount for emotional distress damages to the jury at

trial.  *See, e.g., Sandoval v. American Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257,

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 4

282 (D.Minn.2007); *E.E.O.C. v. General Motors Corp.*, 2009 WL 910812, *3

(S.D.Miss. Apr. 1, 2009).

**Mr. Nichols' Medical Records**

Defendant seeks documentation regarding Mr. Nichols' medical conditions

and health care providers from the past five years.  ECF No. 30 at 5.  In Plaintiff's

initial disclosures, Plaintiff indicated that it will seek emotional distress damages

"to the extent fully allowable under the law," which for an employer of Wal-Mart's

size is $300,000.  ECF No. 28-2 at 4.  Defendant argues that this description of the

damages Plaintiff seeks for emotional distress damages belies that they are "garden

variety."

Plaintiff responds that it does not intend to introduce medical records or

expert testimony to support the emotional distress claims.  *See Passantino v.*

*Johnson & Johnson Consumer Prod.*, 212 F.3d 493, 513 (9th Cir. 2000) (emotional

damages awards need not be supported by medical records or expert testimony).

Federal Rule of Civil Procedure 26(b)(1) articulates the appropriate scope of

discovery and generally permits liberal discovery of relevant information.  *See* Fed.

R. Civ. P.  26(b)(1); *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

Discovery requests are permissible under Fed. R. Civ. P. 26(b)(1) "if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence."

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 5

1   Fed. R. Civ. P. 26(b)(1).  However, Rule 26 provides for discovery only of

2   nonprivileged matters.  Fed. R. Civ. P. 26(b)(1).

3           In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the United States Supreme Court

4   formally recognized the psychotherapist-patient privilege. The Court specifically

5   held that "confidential communications between a licensed psychotherapist and her

6   patients in the course of diagnosis or treatment are protected from compelled

7   disclosure" *Jaffee*, 518 U.S. at 5. The Court also recognized that this privilege may

8   be waived by the patient. *Jaffee*, 518 U.S. at 15, n. 14.  Neither the United States

9   Supreme Court nor the Ninth Circuit has yet addressed whether and when a

10  plaintiff waives the privilege by claiming emotional distress damages.

11          Courts in this Circuit taking the narrow approach have found that where a

12  plaintiff alleges "garden-variety" emotional distress, without relying on medical

13  records or medical expert testimony for proof at trial, the patient-physician

14  privilege is not waived.  *See, e.g.*, *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 (N.D.

15  Cal. 2003) (holding that an allegation of garden-variety emotional damages does

16  not waive the psychotherapist-patient privilege); *see also Uzzell v. Teletech*

17  *Holdings, Inc.*, 2007 WL 4358315, at *2 (W.D.Wash. Dec.7, 2007); *Sims v.*

18  *Lakeside School*, 2007 WL 5417731, at *1 (W.D.Wash. Mar. 15, 2007).

19          Courts taking the broad approach find that the psychotherapist-patient

20  privilege is waived whenever the patient places his mental condition at issue.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 6

*Sanchez v. U.S. Airways Inc.*, 202 F.R.D. 131 (E.D.Pa.2001) (Plaintiffs alleging

Title VII violation waived the psychotherapist-patient privilege by alleging

emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567

(S.D.Cal.1999) (Plaintiff in employment discrimination case who seeks to recover

for emotional distress damages is relying on her emotional condition as an element

of her claim and waives the privilege); *Sarko v. Penn-Del Directory Co.*, 170

F.R.D. 127, 130 (E.D.Pa.1997) (Plaintiff in American with Disabilities Act case

who alleged defendant did not accommodate her depression waived

psychotherapist-patient privilege); *EEOC v. Danka Industries, Inc.*, 990 F.Supp.

1138 (E.D.Mo.1997) (Plaintiff waived psychotherapist patient privilege by alleging

emotional distress damages in sexual harassment case brought pursuant to Title

VII).

      A recent case weighed both approaches and decided that the broad approach

was appropriate for the particular circumstances presented by that case because the

plaintiff's claim for emotional distress damages were the crux of her claim and

could have been caused by something other than the alleged sexual harassment.

*E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009).

However, that plaintiff claiming Title VII discrimination was also being treated for

depression, so multiple causation was clearly an issue in that case. *California*

*Psychiatric Transitions*, 258 F.R.D. at 400.  By contrast, the instant case does not

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 7

present any multiple causation issues or specific emotional damages outside of any incidental emotional distress.

This Court finds that the "narrow" approach referenced above is the appropriate manner to determine if Plaintiff waived Mr. Nichols' privilege. *See Fitzgerald*, 216 F.R.D. at 639. Applying that approach, in light of the garden-variety emotional distress damages claimed by Plaintiff's amended complaint and Plaintiff's intention to support those damages through evidence other that medical records or expert testimony, Plaintiff has not waived the privilege attaching to Mr. Nichols' communications with his physicians and/or psychotherapists. Furthermore, there is no affirmative reliance by Plaintiff on the privileged communications that would support Defendant's discovery request. Consequently, the Court declines to compel Plaintiff to produce any medical records at this time.

If, in the course of deposing Mr. Nichols, family members, and/or co-workers, Defendant discovers that there is a basis for concluding that there are more particularized mental health or physical health issues, or that there were other potential causes or a long history of a relevant mental or physical illness, then Defendant may reapply to the Court for an order compelling production of medical records with proof of that additional information.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 8

**Identity of the Individuals Who Drafted and Approved the EEOC**

**Compliance Manual, Section 12-IV,** *Religious Discrimination—Reasonable*

*Accommodation***, dated July 22, 2008 ("Compliance Manual")**

Defendant seeks the identities of EEOC officials who have "specific personal knowledge" about the section of the July 22, 2008, EEOC Compliance Manual that covers reasonable accommodation of religion.  ECF No. 51 at 9.  Specifically, Defendant seeks the identity of an individual designated to speak on behalf of the EEOC regarding drafting of the Compliance Manual section and a second individual designated to speak on behalf of the EEOC regarding approval of the publication.  Defendant argues that Wal-Mart followed the guidelines set forth in the Compliance Manual and Defendant intends "to inquire with the author(s) and approving officer(s) of this document regarding how [Defendant's] actions allegedly violate the guidelines."  ECF No. 24 at 9.

Plaintiffs oppose the discovery on the basis that Defendant seeks irrelevant and privileged information.

Rule 16(b)(2)(C) of the Federal Rules of Civil Procedure requires the court to "limit the frequency or extent of discovery otherwise allowed" when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 9

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 16(b)(2)(C).

Relevancy for discovery purposes is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case." *Oppenheimer Fun, Inc. v. Sanders*, 437 U.S. 340 (1978). However, discovery may not reach privileged matters, such as information protected by the deliberative process privilege, which Plaintiff argues applies to Defendant's attempt to question EEOC representatives regarding their interpretations of the manual.

The purpose of the "deliberative process" privilege is to "encourage frank and open discussions of ideas" in order to improve the governmental decision-making process. *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir.1988). The relevant inquiry when examining applicability of the privilege is whether "disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir.1992) (citation

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 10

1    omitted).  The privilege protects pre-decisional, deliberative material.  *Assembly of*

2    *State of Cal.*, 968 F.2d at 920.

3          Defendants emphasize that the Compliance Manual may be used by the

4    Court and by the litigants for guidance even though the Manual is not binding on

5    the courts.  *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986).  The

6    potential relevance of the content of the Compliance Manual, however, does not

7    render the interpretations of individual EEOC officials relevant.  The Court finds

8    that any relevance or benefit from the requested information and the depositions to

9    which it may lead is outweighed by the burden it would impose on the EEOC.

10   Fed. R. Civ. P. 16(b)(2)(C).  Furthermore, any conclusions, interpretations, or

11   recommendations of the individuals who drafted or approved the EEOC

12   Compliance Manual would be subject to the deliberative process privilege.

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19

20

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 11

1    The Court, therefore, denies the Defendant's motion with respect to the

2  identities of EEOC officials who drafted or approved the Compliance Manual.  *See*

3  *Assembly of State of Cal.*, 968 F.2d at 920.

4    Accordingly, **IT IS ORDERED** that the Defendant's Motion to Compel,

5  **ECF No. 23**, is **DENIED**.

6    The District Court Executive is hereby directed to enter this Order and

7  provide copies to counsel.

8    **DATED** this 21st day of September, 2011.

9

10

11                                   _____*s/ Rosanna Malouf Peterson*_____
                                   ROSANNA MALOUF PETERSON
                                   Chief United States District Court Judge

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO COMPEL ~ 12