UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>                  Defendant. | NO: CV-10-338-RMP<br><br>CONSENT DECREE |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Richard Nichols for whom the Commission alleged was adversely affected by such practices. The Commission alleged that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") subjected Mr. Nichols to discrimination based on his religion, in that it failed to accommodate Mr. Nichols' religious needs on the basis of his religion. Defendant has denied the

CONSENT DECREE ~ 1

Commission's allegations and claims. The Commission and Defendant Wal-Mart now seek to resolve this action as to each other and as between Wal-Mart and Richard Nichols ("Charging Party") without further contested litigation through the instant Consent Decree. This resolution does not constitute an admission of liability on the part of Wal-Mart, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein and the applicable law, and now approves this Consent Decree.

**GENERAL PROVISIONS**

1. The Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. The Consent Decree constitutes a full and final resolution of the Commission's claims against Wal-Mart in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, the successors and assigns.

5. The Commission and Wal-Mart will each bear its own costs and attorneys fees in this action.

/ / /

/ / /

**GENERAL INJUNCTIVE RELIEF**

6. Wal-Mart and its current officers, agents, employees, and all persons in active concert of participation with them are enjoined to comply with all requirements of Title VII with respect to providing a work environment free from discrimination, including discrimination based on religion, and enjoined from failing to provide reasonable accommodation to employees who request accommodation of their religious beliefs and practices, and from retaliating against employees who make such requests.

7. Wal-Mart and its current officers, agents, employees, and all persons in active concert or participation with them enjoined from retaliating against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Training**

8. Wal-Mart shall provide equal employment opportunity training to all Market Human Resource Managers for Region 60 and the Regional Human Resources Manager, specifically on the subjects of accommodation of religious beliefs and practices, anti-retaliation, and other forms of discrimination. Said training shall be held within twelve (12) months of the entry of the Consent

CONSENT DECREE ~ 3

Decree. The training must be no less than one hour duration per session. Said training will include discussion of an employer's obligation to accommodate religious beliefs and practices of its employees, and exploration of various forms of accommodation, and how to handle an employee's request for accommodation.

### Records Keeping and Reports

9. Within thirty (30) days after completing each training session described in paragraph 8, Wal-Mart will mail to counsel for the Commission a report containing the date(s) of the training and a list of all attendees.

10. Once every nine (9) months, to be measured beginning at the date of entry of the Consent Decree in this matter, and continuing for the duration of this Consent Decree, Wal-Mart will notify counsel for the Commission whether it has received any requests for religious accommodation that have been reported to the Colville Market level, and if so the name and job title of the requesting party, what steps were taken in response to the request(s), and how each request was resolved.

### MONETARY RELIEF

11. Within 30 days, Wal-Mart will pay a total sum of $70,000 to Charging Party Richard Nichols as damages in satisfaction of the Commission's claims against Wal-Mart as set forth in its complaint.

/ / /

/ / /

CONSENT DECREE ~ 4

**NOTICE TO EMPLOYEES**

12. Wal-Mart shall post a Notice to All Employees in the Colville Store. This Notice is attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at the Colville Store for the duration of the Consent Decree.

**ENFORCEMENT**

13. If the EEOC determines that Wal-Mart has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Wal-Mart. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least twenty (20) days after providing written notification of the alleged breach. The 20-day period following the written notice shall be used by EEOC and Wal-Mart for good faith efforts to resolve the dispute.

**RETENTION OF JURISDICTION**

14. The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

/ / /

/ / /

/ / /

/ / /

/ / /

CONSENT DECREE ~ 5

**DURATION AND TERMINATION**

15. The Consent Decree will be in effect for eighteen months from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Wal-Mart to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 18th day of May, 2012.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>SAN FRANCISCO DISTRICT OFFICE<br>350 The Embarcadero, Suite 500<br>San Francisco, CA 94105-1260 | P. DAVID LOPEZ<br>Deputy General Counsel<br><br>JAMES E. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | |
| TERI HEALY Senior Trial Attorney<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Seattle Field Office<br>909 First Avenue, Suite 400<br>Seattle, WA 98104-1061 | EQUAL EMPLOYEMNT<br>OPPORTUNITY COMMISSION<br>Office of the General Counsel<br>131 M Street N.E., 5th Floor<br>Washington, D.C. 20507 |

BY: *s/Teri Healy*
Attorneys for Plaintiff
Equal Employment Opportunity Commission

BY: *s/Richard R. Meneghello*
FISHER & PHILLIPS, LLP
111 SW Fifth Avenue, Suite 1250
Portland, Oregon 97204
Phone: 503-242-4262
Attorneys for Defendant

CONSENT DECREE ~ 6



1
2
3
4
5
6               NOTICE TO EMPLOYEES
7
8   This notice has been posted pursuant to the settlement of a lawsuit: *EEOC v. Wal-Mart Stores, Inc.* (Case No. C10-0338 RMP). In accordance with the Consent Decree, Wal-Mart will provide anti-discrimination training, including training on the subjects of accommodation of religious beliefs and practices, anti-retaliation, and other forms of discrimination; and report to the EEOC as required by the Consent Decree for the next eighteen months.
9
10
11  Federal law prohibits an employer from discriminating against any individual based on the individual's disability with respect to hiring, promotion, demotion, terms and conditions of employment and/or termination. Federal law also prohibits an employer from allowing any employee to be harassed because of age, race, color, sex, religion and national origin. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of a discrimination or harassment charge, participates as a witness or potential witness in any investigation or legal proceeding or otherwise exercises his or her rights under the law.
12
13
14
15
16  Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.
17
18
    Should you have any complaints of discrimination or retaliation you should contact _____ at
19  _____.
20  Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206.220.6883, 1800.669.4000.
21
22
    This notice shall remain prominently posted at the Walmart Store in Colville, WA, until November 2013. This Official Notice shall not be altered, defaced, covered or obstructed by any other material.
23
24
25

CONSENT DECREE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>  Defendant. | NO: CV-10-338-RMP<br><br>ORDER APPROVING CONSENT DECREE |

The Court, having considered the foregoing stipulated agreement of the parties, HEREBY ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees.

/ / /

/ / /

ORDER APPROVING CONSENT DECREE~ 1

1 | The Court retains jurisdiction of this matter for purposes of enforcing the
2 | Consent Decree approved herein.
3 | DATED this 31st day of May, 2012.

*Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
CHIEF UNITED STATES DISTRICT COURT JUDGE

ORDER APPROVING CONSENT DECREE~ 2